IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE JONES, <br> on behalf of plaintiff and the <br> class members described below, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> NATIONAL CREDIT <br> ADJUSTERS, L.L.C., <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 10-cv-8027 <br> <br> Judge Guzman <br> Magistrate Judge Gilbert |

PLAINTIFF'S MOTION FOR SANCTIONS
INCLUDING CONTEMPT AGAINST DEFENDANT AND ITS COUNSEL

Pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 28 U.S.C. §1927, Plaintiff Andre Jones, individually and on behalf of a class, requests that this Court enter a order for sanctions against National Credit Adjusters, LLC and its counsel, including contempt of Court. Plaintiff requests that the Court impose a daily fine until this Court's order of July 28, 2011 is complied with without objection.

In support of this motion, plaintiff states as follows:

1. On April 8, 2011, plaintiff served his first set of requests for admission, interrogatories, and requests for production of documents on defendant.

2. On May 16, 2011, defendant served plaintiff with its discovery responses. Its response to each of plaintiff's requests was identical, and was as follows:

> Objection on the basis that Defendant has pending a Motion to Compel Arbitration before the Court and prevailing Seventh Circuit case law that answering this request could result in a waiver of Defendant's right to arbitration. *See e.g., Cabinetree of Wisconsin, Inc.* v. *Kraftmaid*

1

*Cabinetry, Inc.,* 50 F.3d 388 (7th Cir. 1995) (invoking judicial process is presumptive waiver of right of arbitration); *Wilson Sporting Goods Co.* v. *Penn Partners,* No. 03-C-5236, 2004 U.S. Dist. LEXIS 17469 at *12 (N.D. Ill. August 31, 2004) (participation in litigation, such as engaging in discovery is inconsistent with the desire to arbitrate, and can constitute a waiver of arbitration. *See also, Cigna Healthcare of St. Louis, Inc.* v. *Kaiser,* 294 F.3d 849, 855 (7th Cir. 2002) ("responsibility for the conduct of discovery lies with the arbitrators ..." and "refusal to stay discovery on the merits ... until the issue of arbitrability is resolved puts the cart before the horse.")

3. On July 22, 2011, at 3:00 p.m., plaintiff's counsel, Tiffany Hardy, and defendant's counsel, J. Hayes Ryan, held a telephonic conference pursuant to Local Rule 37.2 regarding defendant's discovery responses, wherein, defendant's counsel indicated that defendant objected to each of plaintiff's discovery requests, because if defendant responded to the requests, it would waive its right to arbitrate plaintiff's claim.

4. Further, based on this same line of reasoning, defendant's counsel indicated that defendant would not even seek a stay of discovery.

5. On July 26, 2011, Plaintiff filed a motion to compel defendant to respond to plaintiff's discovery request. (<u>Exhibit A</u>)

6. On July 28, 2011 this Court, after questioning defendant's counsel about the quoted argument, granted plaintiff's motion to compel and ordered defendant to respond to plaintiff's discovery by August 18, 2011. (<u>Exhibit B</u>)

7. On August 18, 2011, defendant failed to serve its responses to plaintiff's discovery requests as ordered by this Court.

8. Instead, on August 18, 2011, defendant filed a motion to stay discovery to avoid complying with this Court's order of July 28, 2011.

9. Further, defendant noticed its motion to stay discovery for presentment on September 20, 2011, or 33 days in the future.

10. Defendant violated L.R. 5.3(b) which requires that the date of presentment be no more than 14 days following the date the motion is delivered to the Court pursuant to L.R. 78.1.

11. Defendant's motion to stay made reference to confidential settlement communications, and was filed solely to pressure plaintiff into abandoning his class claims and settling the case individually without having sufficient information to justify doing so.

12. Defendant's motion to stay was not filed in good faith, and is nothing more than a tactic to avoid complying with this Court's order of July 28, 2011. Defendant's motion to stay discovery was signed by its counsel, J. Hayes Ryan.

13. Plaintiff requests that this Court sanction both defendant and its counsel pursuant Fed.R.Civ. P. 37 and its counsel, J. Hayes Ryan pursuant to 28 U.S.C. §1927.

14. 28 U.S.C. §1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

15. The sole purpose of the conduct set forth above was to vexatiously delay complying with this Court's discovery order.

16. Plaintiff requests that this Court impose a daily fine on defendant and its counsel until they comply with the Court's order of August 28, 2011 and respond to plaintiff's discovery without objection.

WHEREFORE, Plaintiff Andre Jones respectfully asks this Court to enter an order for sanctions against defendant National Credit Adjusters, LLC and its counsel, including contempt of Court. Plaintiff requests that the Court impose a daily fine until this Court's order of July 28, 2011, is complied with without objection.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on August 19, 2011, I caused to be filed the foregoing documents via the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

| | |
|---|---|
| J. Hayes Ryan | Thomas G. Cronin |
| hayesryan@gordonrees.com | tcronin@gordonrees.com |

I further certify that I caused to be served a true and accurate copy of such filing to be served via US mail upon the following parties:

Chancé L. Cooper
Stephanie J. Synol
Gordon & Rees LLP
1 North Franklin, Suite 800
Chicago, IL 60606

s/Daniel A. Edelman
Daniel A. Edelman

4